UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

X-RITE, INC.,

      Plaintiff,

v.

LISA VOLK and COLOR CONCEPTS, INC.,

      Defendants.
_____/

Case No. 1:08-CV-264

Hon. Richard Alan Enslen

**ORDER GRANTING MOTION TO TRANSFER VENUE**

Defendants Lisa Volk and Color Concepts, Inc. have moved, through counsel, to transfer venue to the Southern District of Iowa. That Motion has been opposed by Plaintiff X-Rite, Inc. and the Court has received both regular and supplemental briefing, including both a reply and sur-reply. Upon review of the briefing, the Court determines that oral argument is unnecessary. *See* W.D. Mich. L. Civ. R. 7.3(d).

Defendants' Motion, though it mentions the venue transfer statute, 28 U.S.C. § 1404(a), is really premised on the first-to-file rule. The Sixth Circuit Court of Appeals' *Zide Sport Shop* decision summarizes the pertinent law:

> The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, "the court in which the first suit was filed should generally proceed to judgment." *In re Burley,* 738 F.2d 981, 988 (9th Cir. 1984). The Sixth Circuit has referenced the rule without discussing it by name, *see In re American Med. Sys., Inc.,* 75 F.3d 1069, 1088 (6th Cir. 1996); *Barber-Greene v. Blaw-Knox Co.,* 239 F.2d 774, 778 (6th Cir. 1957), while other circuits have explicitly applied it. *See, e.g., Boatmen's First Nat. Bank of Kansas City v. Kansas Pub. Employees Ret. Sys.,* 57 F.3d 638 (8th Cir. 1995); *E.E.O.C. v. University of Pennsylvania,* 850 F.2d 969 (3d Cir. 1988); *In re Burley,* 738 F.2d at 981.

> District courts have the discretion to dispense with the first-to-file rule where equity so demands. A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing. *See, e.g., Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.,* 819 F.2d 746, 749-50 (7th Cir. 1987) (("[T]he mere fact that [plaintiff] filed its declaratory judgment action first does not give it a 'right' to choose a forum. This circuit has never adhered to a rigid 'first to file' rule. We decline [Plaintiff's] invitation ... to adopt such a rule here.") (internal citations omitted)). Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping. *See Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 628 (9th Cir. 1991); *University of Pennsylvania,* 850 F.2d at 972.

*Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. July 31, 2001).

Plaintiff, in opposition, seeks to equate Defendants' Iowa action, to confirm an arbitration award, to a declaratory action in order to avoid the operation of the first-to-file rule. This argument is not supported by precedent involving arbitration suits (which are on a different legal footing than declaratory actions) given that the exercise of declaratory jurisdiction under 28 U.S.C. §§ 2201-02 is discretionary, *see Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (citing *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494 (1942)), whereas the exercise of jurisdiction over both actions to confirm or reject an arbitration lawsuit is non-discretionary. *See Johnson* v. *Pfizer*, 2004 WL 2898076 at * 3 (D. Kan. Dec. 10, 2004) (distinguishing these kinds of cases); *see also cf. Cortez Byrd Chips, Inc. v Bill Harbert Const. Co.*, 529 U.S. 193, 198 (2000) (stating that first-to-file principle of deference applies to competing actions to confirm or vacate an arbitration award).

The pertinent precedent involving competing arbitration suits (actions to confirm or vacate awards) applies the first-to-file rule in the absence of inequitable conduct. *See, e.g., Ecolab Inc. v.*

*S&L Enters., Inc.*, 2005 WL 1958069, *2 (D. Minn. Aug. 12, 2005) (citing cases).  Although it is argued here that Defendants' filing of the Iowa suit was inequitable, the Court does not so find.  The Court finds that the Iowa action was legitimately filed--premised on defense counsel's reasonable belief that the action to confirm the award was necessary at that time to collect upon the award, which X-Rite, Inc. was not paying.  *See Cobasys L.L.C. v. FPM Resistance Welding Supply, Inc.*, 2006 WL 901681 at *4 (E.D. Mich. Mar. 31, 2006) (holding as long as the first-filed suit was validly filed, its filing does not prevent operation of the first-to-file rule).  Although the first-to-file rule may have been in defense counsel's contemplation when the first suit was filed, this is not a sufficient equitable basis for departing from the rule when either party has a valid basis for filing suit.  It must likewise be recognized that the rule has the natural tendency to encourage a race to the courthouse, and merely participating in such a race is not a sufficient reason to depart from the rule.  Though the Court agrees with defense counsel's point that an extensive section 1404(a) analysis is usually unnecessary when the first-to-file rule applies, the Court would, if such analysis were required, still weight the factors in favor of a section 1404(a) transfer for the reasons argued by Defendants.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Lisa Volk and Color Concepts, Inc.'s Motion to Transfer Venue (Dkt. No. 5) is **GRANTED** and this action is **TRANSFERRED** to the Southern District of Iowa in connection with the Petition to Confirm Arbitration Award in case no. 4:08-CV-54 (S.D. Iowa).

DATED in Kalamazoo, MI:  
April 28, 2008

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE